TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
MARY L. SHAPIRO (State Bar No. 201199)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mmgorelnik@townsend.com
         mlshapiro@townsend.com

Attorneys for Plaintiff
WIND OF TRADE LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIND OF TRADE LLC, a limited liability company organized under the laws of Nevada,<br><br>Plaintiff,<br><br>v.<br><br>MOSTAG INTERNATIONAL, INC., a Pennsylvania corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Wind of Trade LLC alleges, upon personal knowledge as to its conduct and upon information and belief as to all other matters, as follows:

**THE PARTIES**

1.      Plaintiff Wind of Trade LLC  is a limited liability company organized and existing under the laws of the State of Nevada, and has a corporate address at Hughes Center, 3763 Howard Hughes Parkway, Las Vegas, Nevada 89109.

2.      Defendant Mostag International ("Mostag") is a corporation organized and existing under the laws of Pennsylvania, and has a corporate address at 1025 A Washington Ave., Croydon, PA 19021.

**JURISDICTION AND VENUE**

3.      This is a civil action arising under the trademark infringement and unfair competition laws of the United States, Title 15, United States Code § 1051, *et seq.*, California Business and Professions Code § 17200, *et seq*., and the common law of the State of California.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      Personal jurisdiction over Mostag is vested in the United States District Court for the Northern District of California since Mostag has knowingly and purposefully distributed and sold infringing products to this forum, and has actively solicited business in this forum.

5.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Mostag has knowingly and purposefully directed its wrongful acts to this District, has distributed and sold infringing products in this District, and has actively solicited business in this District.

**INTRADISTRICT ASSIGNMENT**

6.      A substantial part of the events which give rise to the claims described herein arose in San Francisco County, California where a number of the subject goods were displayed, offered for sale, and sold in that County.

**PLAINTIFF'S VALUABLE MARKS**

7.      Wind of Trade designs and manufactures hot surface handlers sold under the **'OVE' GLOVE** trademark. This trademark is registered in the United States Patent and Trademark Office under Registration No. 2,683,417, for goods described as oven mitts (hereafter the "Registered Mark").

8.      Plaintiff's goods are sold in retail stores throughout the United States, as well as on the Internet at Amazon.com and many other websites.

9.      Wind of Trade has been using its registered trademark, the **'OVE' GLOVE** mark, since at least as early as December 2001, in connection with its goods.

10.      In 2006, Wind of Trade adopted a design mark, which was expressed on product packaging and in non-slip silicone on the goods (the "Design Mark"). The Design Mark allows Wind of Trade to distinguish its products in the marketplace irrespective of the use of silicone.  An

application for the Design Mark is pending in the United States Patent and Trademark Office under Serial No. 77/009,941, which was allowed on August 7, 2007.  Wind of Trade commenced use of the Design Mark in September, 2006.

11.    In 2007, Wind of Trade modified the Design Mark by changing the design placed on the finger-tips (hereafter the "New Design Mark").  An application for the New Design Mark is pending under Serial No. 77/262,146, which was filed on August 22, 2007.  Wind of Trade commenced use of the New Design Mark in September, 2007.




12.    Due to the excellent quality and superior performance of Plaintiff's products, Wind of Trade has enjoyed considerable commercial success.

13.    Moreover, through substantial and continuous efforts, including extensive television advertising, as well as promotion and public relations, Wind of Trade has gained widespread recognition by the relevant consuming public of the 'OVE' GLOVE word mark and the Design Marks.

## MOSTAG MISLEADS THE PUBLIC

14.    Mostag designs, manufactures, distributes, and sells a variety of utility glove products.

15.    Mostag sells select gloves, designed for the purpose of handling hot surfaces, on at least the Amazon.com website and related retailers.

16.    Mostag's products have been, and may yet be, described as hot surface handlers referencing the products as OVE GLOVES, which is Plaintiff's Registered Mark (hereafter the "Infringing Mark").

17.    Mostag adopted a design (hereafter the "Infringing Design Mark") for its competing

*Wind of Trade, LLC v. Mostag International, Inc.*, Case No.
COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

3

product that is identical to Plaintiff's Design Mark and virtually identical to Plaintiff's New Design Mark, as shown directly below.

18.    At least on Amazon.com, the competing products are presented adjacent and contiguous to each other, as shown below.



**Ove Glove Oven Mitt AS SEEN ON TV TELEVISION** by Ove Glove
<u>Buy new</u>: ~~$19.95~~ **$14.95**    *Sports & Outdoors:* See all 4 items



**(2 Gloves Value Pack),new Designed, Both Sides Silicone Palm Provide Excellent Grip, Hot/heat Stopper -- Nomex®made of Dupont Nomex & Kevalr ,Withstands Heat up to 540 Degrees Farenheit** by Mostag  <u>Buy new</u>: ~~$55.50~~ **$34.35**    3 Used & new from $25.98  In Stock  *Office Products:* See all 5 items

19.    Use of Wind of Trade's Registered Mark and a virtually identical design on the Mostag products, as shown above, leads consumers to believe that the Mostag products are the same as or at least are associated or affiliated with Wind of Trade as a source of such heat resistant, hot surface handler products. (hereafter the "Infringing Acts").

20.    The unknown and doubtful product quality and performance of Mostag's product is causing and will continue to cause consumers to doubt the effectiveness of this type of product.

21.    Moreover, because consumers who purchase and use the Mostag products may be disappointed by the results and believe that this type of product does not work, consumer dissatisfaction with Mostag's glove products will hurt Wind of Trade's premiere reputation in the heat resistant glove market.

**FIRST CAUSE OF ACTION**
**Registered Trademark Infringement – 15 U.S.C. § 1114**

22.    Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth in full herein.

23.    Defendant's use of the OVE GLOVE trademark, a mark identical and thus confusingly similar to Wind of Trade's Registered Trademark, in connection with directly competing goods constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

24.    Without injunctive relief, Wind of Trade has no means by which to control the continuing injury to its reputation and goodwill.  Wind of Trade has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Wind of Trade if it loses the ability to control the use of its mark, reputation, and goodwill through the false and unauthorized use of its Registered Trademark.

25.    Wind of Trade is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Registered Mark or any other logotype, trademark or designation which is likely to be confused with the Registered Trademark.

26.    Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in the Registered Trademark, this is an exceptional case and Wind of Trade is entitled to recover Defendant's profits together with Wind of Trade's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

**SECOND CAUSE OF ACTION**
**Trademark Infringement – 15 U.S.C. § 1125(a)**

27.    Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth in full herein.

28.    Defendant's use of the Infringing Mark, a mark identical and thus confusingly similar to Wind of Trade's design marks, in connection with directly competing goods constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1125(a).

29.    Without injunctive relief, Wind of Trade has no means by which to control the continuing injury to its reputation and goodwill.  Wind of Trade has been and will continue to be

1   irreparably harmed.  No amount of money damages can adequately compensate Wind of Trade if it

2   loses the ability to control the use of its mark, reputation, and goodwill through the false and

3   unauthorized use of its design marks.

4       30.     Wind of Trade is entitled to injunctive relief prohibiting Defendant from using the

5   Infringing Mark or any other logotype, trademark or designation which is likely to be confused with

6   the Plaintiff's design marks.

7       31.     Because Defendant's actions have been committed willfully and with intent to profit

8   from Plaintiff's goodwill in the design marks, this is an exceptional case and Wind of Trade is entitled

9   to recover Defendant's profits together with Wind of Trade's damages, trebled, costs of the action, and

10  reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

11

12                          **THIRD CAUSE OF ACTION**
                    **Trademark Infringement  – 15 U.S.C. § 1125(a)**

13      32.     Plaintiff incorporates herein by reference each and every allegation in the preceding

14  paragraphs, as if set forth in full herein.

15      33.     Upon information and belief, commencing at some time unknown to Plaintiff and

16  continuing to the present, Defendant manufactured, advertised, offered for sale, and has engaged in the

17  sale, resale and distribution of Infringing Goods bearing an Infringing Design Mark without Wind of

18  Trade's consent, and thereby infringing the Plaintiff's Design Mark.

19      34.     Upon information and belief, commencing at some time unknown to Plaintiff and

20  continuing to the present, Defendant manufactured, advertised, offered for sale, and has engaged in the

21  sale, resale and distribution of Infringing Goods bearing an Infringing Design Mark without Wind of

22  Trade's consent, and thereby infringing the Plaintiff's Design Mark.

23      35.     Upon information and belief, commencing at some time unknown to Plaintiff and

24  continuing to the present, Defendant manufactured, advertised, offered for sale, and has engaged in the

25  sale, resale and distribution of Infringing Goods bearing an Infringing Design Mark without Wind of

26  Trade's consent, and thereby infringing the Plaintiff's Design Mark.

27      36.     The Infringing Design Mark on Defendant's Infringing Products is a blatant and

28  obvious imitation of the Plaintiff's Design Mark featured on Plaintiff's genuine products.

37.     The Plaintiff's Design Mark and the Infringing Design of the Infringing Goods create the same general overall impression and have the same "look and feel."

38.     Upon information and belief, the similarities between the Plaintiff's Design Mark and the Infringing Design of the Infringing Goods are not a mere coincidence.  Defendant's Infringing Goods were designed intentionally to mimic Plaintiff's Design Mark in that the colors and designs of the Infringing Product are substantially the same having identical layouts, colors and positions.  This creates the immediate commercial impression that goods bearing such design are associated with and emanate from Wind of Trade.

39.     Defendant has, without permission, willfully, and with the intention of benefiting from the reputation and goodwill of Plaintiff Wind of Trade, imitated the coloring, style, layout and design of Plaintiff' Design Mark.

40.     As a consequence, the Infringing Design on the Infringing Goods is likely to deceive and divert and has deceived and diverted customers away from the genuine Wind of Trade product and creates a likelihood of consumer confusion as to the source of Plaintiff's products and the Infringing Goods.

41.     Defendant's conduct, as alleged in the foregoing paragraphs, constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits the use in commerce in connection with the sale of goods of any word, term, name, symbol, or device, or any combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the good.

42.     Without injunctive relief, Wind of Trade has no means by which to control the continuing injury to its reputation and goodwill.  Wind of Trade has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Wind of Trade if it loses the ability to control the use of its Registered Trademark and Design Mark, reputation, and goodwill through the false and unauthorized use of its Registered Trademark and Design Mark.  Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Infringing Design, or any other logotype, trademark or designation which is likely to be confused with Plaintiff's Design Mark.

43.    Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in its Design Mark, this is an exceptional case and Wind of Trade is entitled to recover Defendant's profits together with Wind of Trade's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FOURTH CAUSE OF ACTION
### Unfair Competition – 15 U.S.C. § 1125(a)

44.    Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth in full herein.

45.    Defendant's use of the Infringing Mark and Infringing Design, both identical and thus confusingly similar to Plaintiff's Registered Trademark and Design Mark, on directly competing goods, constitutes unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

46.    As a direct and proximate result of the willful and wanton acts and conduct of Defendant, Wind of Trade has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by the Court from unfairly competing with Wind of Trade.  No amount of money damages can adequately compensate Wind of Trade.  Without injunctive relief, Wind of Trade has no means by which to control the continuing injury to its reputation and goodwill.

47.    Because Defendant's actions have been committed willfully and with intent to profit from Plaintiff's goodwill in its Registered Trademark and Design Mark, this is an exceptional case and Wind of Trade is entitled to recover Defendant's profits together with Wind of Trade's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## FIFTH CAUSE OF ACTION
### Unfair Competition and Unfair Business Practices
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

48.    Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth in full herein.

49.     Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Wind of Trade and consumers.

50.     The above acts by Defendant constitutes unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

51.     Pursuant to California Business and Professions Code Section 17203, Plaintiff is entitled to enjoin these practices.

52.     As a direct and proximate result of the willful and wanton acts and conduct of Defendant, Wind of Trade has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by the Court from continuing such unfair business practices and acts of unfair competition.

## SIXTH CAUSE OF ACTION
### Common Law Unfair Competition

53.     Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs, as if set forth in full herein.

54.     Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Wind of Trade and consumers.

55.     The above acts by Defendant constitutes unfair competition under the common law of the State of California.

56.     As a direct and proximate result of the willful and wanton acts and conduct of Defendant, Wind of Trade has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendant is restrained by the Court from continuing such unfair business practices and acts of unfair competition.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Wind of Trade prays for judgment against Defendant as follows:

a.     That Defendant be enjoined during the pendency of this action, and permanently thereafter, from using the Infringing Mark and Infringing Design or any other logotype, trademark or

designation which is likely to be confused with the Wind of Trade's Registered Trademark and Design Mark;

      b.      That Defendant be ordered to recall all infringing products sold and turn over to Wind of Trade for destruction all unsold and recalled Infringing products, packages, labels, advertising and promotional material, and related items which use the Registered Trademark or Design Mark or any other logotype, trademark or designation which is likely to be confused with Wind of Trade's Registered Trademark and Design Mark;

      c.      That Defendant be ordered to account to Wind of Trade, and to pay to Wind of Trade, all of Defendant's profits and all amounts by which Defendant have been unjustly enriched from its acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under Section 35(a) of the Lanham Act;

      d.      Declaring that Defendant are without right or authority to threaten, complain of, challenge, maintain suit, or interfere in any manner with Plaintiff Wind of Trade's lawful use and right to claim ownership of the 'OVE' GLOVE Trademark and/or Design Mark or any registration therefore;

      e.      That Defendant be ordered to pay Wind of Trade the actual damages suffered by Wind of Trade as a result of Defendant's wrongful acts in an amount to be determined at trial, trebled on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

      f.      That Defendant be ordered to pay Wind of Trade's statutory damages as a result of Defendant's wrongful acts;

      g.      That Defendant be ordered to pay compensatory and punitive damages;

      h.      That Defendant be ordered to pay Wind of Trade's attorneys' fees and costs on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

      i.      That Defendant be ordered to pay Wind of Trade prejudgment interest on any monetary award; and

1    j.    Such further relief as the Court deems just and proper.

2

3    Dated:  December 12, 2007          TOWNSEND AND TOWNSEND AND CREW LLP

4

5                          By: _____

6                              Marc M. Gorelnik
                                Mary L. Shapiro

7                              *Attorneys for Plaintiff*
8                              WIND OF TRADE LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2      Plaintiff Wind of Trade, LLC demands a trial by jury on all issues triable of right by a jury.

3

4    Dated:  December 12, 2007                    TOWNSEND AND TOWNSEND AND CREW LLP

5

6                                          By:_____

7                                              Marc M. Gorelnik
                                               Mary L. Shapiro
8
                                               *Attorneys for Plaintiff*
9                                              WIND OF TRADE LLC

10

11    61231287 v1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28