1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARC M. GORELNIK (State Bar No. 166833)
2  MARY L. SHAPIRO (State Bar No. 201199)
3  Two Embarcadero Center, Eighth Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email: mmgorelnik@townsend.com
          mlshapiro@townsend.com
6

7  Attorneys for Plaintiff
   WIND OF TRADE LLC

8

9                       UNITED STATES DISTRICT COURT

10               FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  WIND OF TRADE LLC, a Nevada limited          Case No.  CV 07-06280 MMC
    liability company,
13

14              Plaintiff,                       DECLARATION OF COUNSEL RE:
                                                 PLAINTIFF'S SERVICE OF THE
15        v.                                     COURT'S ORDER OF
                                                 DECEMBER 14, 2007
16  MOSTAG INTERNATIONAL, INC., a
    Pennsylvania corporation,
17
                Defendant.
18

19         I, Marc M. Gorelnik, declare:

20         1.       I am a partner of the law firm of Townsend and Townsend and Crew LLP, the

21  attorneys for Plaintiff Wind of Trade LLC ("plaintiff") in this case, and am duly licensed to practice in

22  the State of California.  I submit this Declaration of Counsel Re:  Plaintiff's Service of the Court's

23  Order of December 14, 2007.  The following facts are within my personal knowledge and I could and

24  would be competent to testify to them if called as a witness in this matter.

25         2.       The Court's Order Setting Briefing Schedule of December 14, 2007 (the "Order")

26  requires that plaintiff serve the Order on defendant by December 18 and file the proof of service by

27  December 21, 2007.  Defendant's filing in response to plaintiff's *Ex Parte* Motion for Temporary

28  Restraining Order was due December 27, 2007, and plaintiff's reply is due January 2, 2008.  As set

1   forth in the following paragraphs, plaintiff has complied with its obligations and defendant, now

2   represented by counsel, has not opposed the motion.

3          3.     Plaintiff served the Order on Defendant on December 14 using facsimile and FedEx.

4   Plaintiff timely filed its proof of service on December 17. See Docket No. 16. The facsimile

5   confirmation page reflects success in transmission. See true and correct copy of transmission record,

6   Exhibit A hereto. However, FedEx's three attempts at delivery, on December 17, 18, and 21, were not

7   successful. See true and correct copy of FedEx tracking record, Exhibit B hereto.

8          4.     In addition to facsimile and FedEx means of service, as reflected in the filed proof of

9   service, plaintiff retained a process server to personally deliver on defendant copies of: (1) the Order;

10   (2) the Court's Case Management Conference Order; and (3) correspondence from myself to

11   defendant's principal, William Pan. See true and correct copy of my correspondence, Exhibit C

12   hereto. In my letter, I reiterated the Court's schedule and implored Mr. Pan to retain counsel.

13          5.     I am informed and believe, based on the Declaration of Richard Dougherty filed

14   contemporaneously with my declaration, that the process server went to defendant's place of business

15   on December 18 at 2:20 p.m. EST and contacted the proprietor using the supplied camera/intercom

16   system. The person apparently in charge of Defendant's place of business, believed to be the same

17   person personally served with the Complaint and Summons, refused to come to the door to accept the

18   papers. Instead, the papers were affixed to the front door of defendant's place of business.

19          6.     At about 12:50 p.m. PST on December 18, roughly 90 minutes after the process server

20   made the attempted personal delivery, I received a call from a Philadelphia attorney identifying

21   himself as Mark Schaffer. Mr. Shaffer indicated that he was calling on behalf of defendant. We

22   expressly discussed, and I believed that we had agreement on, defendant's stipulation to a preliminary

23   injunction.

24          7.     I explained to Mr. Schaffer that defendant must be represented in any filing or

25   appearance by counsel admitted to practice in the Northern District of California. This appeared to

26   present some degree of challenge, but I left resolution in the hands of defendant's counsel.

27          8.     I am informed and believe that Mr. Schaffer subsequently spoke to my co-counsel

28   Mary Shapiro and told her that defendant would not oppose plaintiff's motion rather than retain local

1 | counsel.

2 |     I declare under the penalty of perjury under the laws of the State of California that the

3 | foregoing is true and correct.

4 |     EXECUTED this 2nd day of January, 2008, at San Francisco, California.

5 |

6 |

                                      /s/

7 |                                    Marc M. Gorelnik

8 |

9 | 61244376 v1

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

*Wind of Trade LLC v. Mostag International, Inc.*, CV 07-06280 MMC           3
DECLARATION OF COUNSEL RE: PLAINTIFF'S SERVICE OF THE COURT'S ORDER OF DECEMBER 14, 2007