TOWNSEND AND TOWNSEND AND CREW LLP
MARC M. GORELNIK (State Bar No. 166833)
MARY L. SHAPIRO (State Bar No. 201199)
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300
Email: mmgorelnik@townsend.com
       mlshapiro@townsend.com

Attorneys for Plaintiff
WIND OF TRADE LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIND OF TRADE LLC, a Nevada limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MOSTAG INTERNATIONAL, INC., a Pennsylvania corporation,<br><br>　　　　　　Defendant. | Case No. CV 07 6280MMC<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

　　　　Plaintiff Wind of Trade LLC ("Wind of Trade") and defendant Mostag International, Inc. ("Mostag"), stipulate to entry of this judgment that fully adjudicates all claims between them in this action.

　　　　IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

　　　　1.　This Court has jurisdiction over the subject matter of this action and the Parties.

　　　　2.　Wind of Trade is the owner of the 'Ove' Glove trademark evidenced by U.S. Trademark Registration 2,683,417 for oven mitts, a copy of which is attached as Exhibit A. Such registration is valid and in full force (hereafter the "Registered Mark").

　　　　3.　Wind of Trade is the owner of certain design marks associated with its products, which are further evidenced by pending U.S. Trademark Application Serial Nos. 77/009,941 and 77/262,146,

1  copies of which are attached as Exhibit B (hereafter the "Design Marks"). The Design Marks are valid, enforceable trademarks.

4. Multiple Mostag products have advertised, promoted, and sold using the Plaintiff's Registered Mark. Further, Mostag adopted a design for an oven mitt product that is identical or virtually identical to Wind of Trade's Design Marks.

5. Defendant has infringed Wind of Trade's rights in and to the Registered Trademark and Design Marks through violation of 15 U.S.C. §§ 1114 and 1125(a) and has violated Cal. Bus. & Prof. Code §§ 17200 *et seq.* and Common Law Unfair Competition.

6. Defendant is without right or authority to threaten, complain of, challenge, maintain suit, or interfere in any manner with Plaintiff Wind of Trade's lawful use and right to claim ownership of the Registered Mark and Design Marks.

7. The Plaintiff has agreed to conclude this matter as to Defendant on the terms set forth herein.

8. Defendant now stipulates and agrees that judgment may be entered in Plaintiff's favor for each cause of action in the action. Defendant shall permanently cease and desist from participating in any manner in the conduct alleged in the Complaint.

9. Mostag, its owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns, and all those acting in concert or participation with it (the "Enjoined Parties"), are permanently enjoined and restrained from the date hereof from using a mark, design, or any other logotype, trademark or designation which is likely to be confused with the Wind of Trade's Registered Trademark or Design Marks. This injunction includes, but is not limited to the product shown below.



10. Defendant Mostag shall not manufacture, produce, distribute, import, accept for consignment, ship, circulate, sell, offer for sale, advertise, promote or display any product bearing any

simulation, reproduction, counterfeit, copy or colorable imitation of the Registered Trademark and Design Marks and/or any other trademarks or trade dress so similar as to be likely to cause confusion, to cause mistake or to deceive.

11. Mostag certifies that, under penalty of perjury, prior to its entry into this Consent Judgment and Permanent Injunction, it:

   a. made and delivered to Plaintiff an accurate and complete written inventory, as of January 25, 2008, of all things, tangible or electronic, bearing the Registered Mark and/or Design Marks, or terms or marks confusingly similar thereto;

   b. delivered to Plaintiff a complete accounting, as of January 25, 2008, of all heat resistant gloves identical or similar to the glove pictured in the Complaint; such inventory shall include all receipts of such gloves as well as disposition, whether by sale or other transfer, and the number remaining in inventory;

   c. disclosed and delivered to Plaintiff all tangible and electronic documents relating to the aforementioned accounting including, but not limited to, all documents related to Defendant's acquisition or disposition of the gloves; and

   d. delivered to Plaintiff all heat resistant gloves identical or similar to the glove pictured in the Complaint provided, however, that counsel for Defendant may retain two (2) such gloves for his files.

12. Each party shall bear its own costs and attorneys' fees in connection with this action.

13. In view of Plaintiff's concession not to seek fees and costs in this action or the available statutory damages, Defendant agrees that it will strictly adhere to this Consent Judgment and Permanent Injunction. Defendant further agrees that upon demonstration to the Court of Defendant's violation this Consent Judgment and Permanent Injunction, which may be shown by a preponderance of evidence standard, Defendant and its principal William Pan, shall be liable to Plaintiff for:

   a. Wind of Trade's fees and costs associated with bringing this action, including the pre-filing investigation and resolution efforts;

   b. Wind of Trade's fees and costs associated with investigating the violation(s) of this Consent Judgment and Permanent Injunction and bringing the contempt action;

    c. the full measure of statutory damages available to Plaintiff for Defendant's conduct giving rise to the action as well as subsequent contumacious conduct, which shall not be less than $15 for each glove acquired by Defendant, excepting those delivered to Plaintiff under Paragraph 11(d) herein; and

    d. such further equitable relief the Court may grant to give full effect to this Consent Judgment and Permanent Injunction.

All payments shall be due within fourteen (14) days of the Court's entry of its decision on Plaintiff's motion.

14. Defendant's incomplete or inaccurate disclosure under Paragraph 11 shall be deemed a violation of the Consent Judgment. Should the Court conclude, however, that the defect in Defendant's disclosure was both immaterial and unavoidable, with Defendant bearing the burden on both elements, then Plaintiff shall nevertheless be awarded its actual damages and the full measure of its fees and costs to enforce the Consent Judgment and Permanent Injunction.

15. It is the intention of the parties in executing this Consent Judgment that this instrument shall be effective as a full and final accord and satisfaction and release of the instant action.

16. The obligations imposed hereby, each of the parties hereto, for itself, and its owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns, forever releases and discharges the other party hereto, and its respective owners, shareholders, principals, partners, officers, directors, employees, subsidiaries, licensors, agents, executors, administrators, successors, heirs, servants and assigns from any and all claims, demands, debts, liabilities, accounts, obligations, costs, expenses, liens, actions, causes of action (at law, in equity, or otherwise), rights to subrogation, rights to contribution, and remedies of any nature whatsoever, known or unknown, asserted or not, arising out of the facts, circumstances, and transactions set forth in the Complaint filed herein.

17. Each of the parties hereto represents and warrants that its execution, delivery and performance of the obligations, terms and conditions herein has been duly authorized by all necessary and other corporate or equivalent action, and is valid and binding upon such party.

18.  The parties hereto approve and agree to all the obligations, terms, provisions and findings herein, which shall be final and non-appealable.

19.  This Agreement may be executed in identical counterparts, all of which together shall constitute one and the same instrument.

20.  Except as is inconsistent with the foregoing, this action, including all claims and counterclaims, and including without limitation all claims presently known or unknown arising from the individual allegations made herein, is hereby dismissed in its entirety with prejudice, against all parties, and each party shall bear its own costs and attorneys' fees.

21.  The Court shall retain jurisdiction over this matter for the purpose of enforcing this Consent Judgment and Permanent Injunction.

Plaintiff Wind of Trade and Defendant Mostag hereby stipulate that this Consent Judgment and Permanent Injunction may be entered as a Final Judgment in this action.

**IT IS SO STIPULATED:**

Dated: Feb 22, 2008.

WIND OF TRADE LLC

By: _____
Name:  Jean Camille Raymond
Title:  General Manager

Dated: Feb. 11, 2008, 2008.

MOSTAG INTERNATIONAL, INC.

By: _____
Name:  William Pan, Individually and for Mostag International, Inc.
Title:  Manager

Dated: __2/27/08__, 2008.

TOWNSEND AND TOWNSEND AND
CREW LLP

By: _____
Marc M. Gorelnik
Mary L. Shapiro
Two Embarcadero Center, 8th Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

*Attorneys for Plaintiff*
*Wind of Trade LLC*

Dated: __2/11__, 2008.

LAW OFFICES OF MARK D. SCHAFFER

By: _____ Pro Hac Vice
Mark D. Shaeffer, Esq.
1429 Walnut Street
Philadelphia, PA 19102-3209
Telephone: (215) 561-4774
Facsimile: (215) 561-4782

*Attorneys for Defendant*
*Mostag International, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2008

_____
HON. MAXINE M. CHESNEY
Judge, United States District Court

61242114 v2